IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN J. GONZALEZ,

    Petitioner,

vs.                                                                                                No. CV 15-00508 JCH/KK

JOHN SANCHEZ, Warden,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Petitioner Benjamin J. Gonzalez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) ("Petition") and Respondent John Sanchez, Warden's Answer to Benjamin J. Gonzalez's *Pro Se* Petition for Writ of Habeas Corpus (Doc. 8). Also before the Court are Petitioner's Motion for Summary Disposition of Facts (Doc. 6) and Motion for Order to Obtain Status of Habeas Corpus Proceedings (Doc. 10). The Court finds that Petitioner has failed to exhaust his state court remedies and will dismiss his Petition without prejudice. The Court will also deny Petitioner's Motions as moot in light of the dismissal of the Petition.

Under 28 U.S.C. § 2254, a state prisoner bringing a federal habeas corpus action is required to exhaust his state court remedies before a federal court may grant him habeas corpus relief. *Olson v. McKune,* 9 F.3d 95 (10th Cir. 1993). Federal habeas corpus review is unavailable until state remedies are exhausted. *Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Montez v.*

*McKinna,* 208 F.3d 862, 866 (10th Cir. 2000).  Where a petitioner has failed to exhaust his state remedies, dismissal of the petition, without prejudice, to pursue available state court remedies is mandated by § 2254(b).  *Pliler v. Ford,* 542 U.S. 225, 227 (2004).

     The petitioner bears the burden of proving that he has exhausted his state remedies prior to filing a federal habeas corpus petition.  *Miranda v. Cooper,* 967 F.2d 392, 298 (10th Cir. 1992). The exhaustion requirement is satisfied once the federal claim has been fairly presented to the state courts.  *Castille v. Peoples,* 489 U.S. 346, 351 (1989).  The exhaustion requirement reflects a policy of comity, whereby a federal court will not interfere with a state court conviction without giving the state courts an opportunity to correct any alleged constitutional violation.  *Hernandez v. Starbuck,* 69 F.3d 1089, 1091-92 (10th Cir. 1995).  Fair presentation of an issue requires that the federal issue be presented to the highest state court either by direct review of the conviction or in a post-conviction action.  *Dever v. Kansas State Penitentiary,* 36 F.3d 1531, 1534 (10th Cir. 1994).

     A review of the Petition (Doc. 1), Respondent's Answer (Doc. 8), and Respondent's Notice of Status of State Court Proceedings (Doc. 10) establishes that Petitioner Gonzalez has failed to exhaust his state remedies.  Petitioner Gonzalez was convicted by a jury of second degree arson of property on August 28, 2014 and was sentenced on November 19, 2014 to nine years of imprisonment to be followed by two years of parole and five years of probation, with three years suspended and 593 days presentence confinement credit.  (Doc. 1 at 1, Doc. 8 at 2).  He timely appealed his conviction and sentence to the New Mexico Court of Appeals on December 10, 2014.  (Doc. 8-1). The conviction and sentence were summarily affirmed by the New Mexico Court of Appeals by Memorandum Opinion entered September 29, 2015.  (Doc. 10-1).  Gonzalez did not file a petition for writ of certiorari asking the New Mexico Supreme

Court to review the affirmance by the Court of Appeals.  Therefore, the Mandate of the Court of Appeals issued on December 22, 2015.  (Doc. 10 and 10-1).

The exhaustion doctrine requires that the petitioner have presented the issues he seeks to raise in his federal petition to the highest court of the state.  *Dever*, 36 F.3d at 1534.  Because he did not file a petition for writ of certiorari with the New Mexico Supreme Court, Petitioner has not fairly presented any of the issues he raises in his § 2254 Petition to the highest state court of New Mexico. Having failed to seek review of the Court of Appeals decision by the highest court of the State of New Mexico, Petitioner Gonzalez has not exhausted his state remedies with respect to any of the issues he raises in his federal habeas corpus petition.  *See, e.g., Steele v. Young,* 11 F.3d 1518, 1521 (10th Cir. 1993). Therefore, his Petition under 28 U.S.C. § 2254 for a writ of habeas corpus must be dismissed by this Court.  28 U.S.C. § 2254(b)(1)(A). Because Gonzalez may still seek collateral review in the New Mexico state courts by way of a petition for writ of habeas corpus under state law, the Court will dismiss the Petition without prejudice.

IT IS ORDERED that Petitioner Benjamin J. Gonzalez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DISMISSED without prejudice, and Petitioner's Motion for Order for Summary Disposition of Facts (Doc. 6) and Motion for Order to Obtain Status of Habeas Corpus Proceedings (Doc 10) are DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE